## ASENCIO *v.* RUSSELL.

PATENTS; INTERFERENCE.

1. Where one of the parties to an interference obtained his patent after the forfeiture of the patent of his rival, but such forfeiture was due to the fault of the applicant's agent, and it appeared from the evidence that the applicant whose application was so forfeited was the first to conceive the invention, and took part in the single reduction to practice claimed by both parties, it was *held* that he was the first inventor.

2. Where it appeared, in an interference case, that A, one of the parties, who was not skilled in the art, claimed to have conceived the invention in issue in feeding pulverized fuel, in 1896, and to have then disclosed it to his agent, N, who was attempting to make improvements in that art, but they made no progress toward reducing it to practice until they met R, the other party to the interference, who was an expert in the art claiming prior conception of the invention, and who proceeded to reduce it to practice; and the evidence indicated that R furnished the ideas and N, the money,—it was *held* that R was the real inventor.

No. 255. Patent Appeals. Submitted May 11, 1904. Decided June 8, 1904.

HEARING on an appeal from the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. George R. Hamlin* and *Mr. A. P. Greeley* for the appellant.

*Mr. Lawrence Hufty* and *Mr. T. F. Bourne* for the appellee.

Mr. Justice Shepard delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference case having the following issue:

"An attachment for steam boiler and other furnaces comprising a rotary motor and a rotary pulverizer and blower arranged to be actuated by the motor, the said motor, pulverizer, and blower having a common shaft, and being so correlated in capacity and operation that an attachment of a given capacity will furnish the necessary and uniform amount of fuel elements required for any particular furnace."

The question for determination is one of fact, and the issue is of originality rather than priority of invention between the two claimants. The evidence shows a peculiar state of facts and circumstances regarding the relations of the parties to each other, and to the promoter, José F. de Navarro, through whose agency was effected the reduction to practice upon which each party relies.

As early as 1895, Navarro, a man of wealth and extensive business connections and a resident of New York, was interested in the subject of burning pulverized coal. He owned interests in some patents relating thereto and continued his pursuit of effective improvements in the art.

Thomas Asencio was an old friend of Navarro. He was engaged in the commission business in New York, and frequently purchased machinery to fill orders. He had little practical knowledge of machinery, and, before the date of his alleged invention, had not seen a pulverizer. His knowledge was derived from drawings shown him by Navarro in the fall of 1895; and he claims to have made the invention and to have disclosed it to Navarro early in 1896. His application was filed April 27, 1900, and patent was issued thereon October 9, 1900. Navarro

attended to the matter of procuring the patent and paid all the expenses of the same.

There is no question but that William M. Russell was a skilful mechanic, and was engaged in constructing and operating devices for feeding pulverized coal to furnaces. In his first experiments the pulverizer was run by a belt from the motor. The operation of a belt-driven device did not produce all the desired results, nor was it practicable on a locomotive.

Russell claims to have conceived the idea, in 1894, of placing the motor on the shaft of the pulverizer, and that he explained it to others in January, 1895. Sketches were produced as having been made in 1894, and a model, showing the construction, as having been made in 1896 or 1897.

Navarro's attention was directed to publications concerning Russell's inventions and experiments in the matter of pulverizing machines, and he sought him not later than May, 1897, according to his own account. They entered into relations with each other which continued until after the final successful reduction to practice of the invention in controversy,. and he shortly after the first meeting purchased an interest in certain patents that had been issued to Russell.

Neither Russell nor Asencio appears to have heard of each other at that time, and did not know each other until after the invention had been reduced to practice.

Russell's application was filed July 22, 1897, and allowed October 20, 1898. Navarro advanced the fees in this case, and caused Russell to assign an interest of one half to Asencio. This assignment was, however, intended for the benefit of Navarro, who was then laboring under some financial embarrassment. This application was forfeited April 20, 1899, for nonpayment of the final fee in the Patent Office. Russell, having seen the patent issued to Asencio, renewed the application himself on October 16, 1900. In the renewed application, the claim of Asencio's patent was copied, and the result was the present interference.

The Examiner of Interferences decided in favor of Asencio; largely on the ground that the invention of the issue was not

claimed or disclosed in Russell's original application, and was not introduced therein until his amendment of September 19, 1898. From this point of view, he held the evidence on behalf of Russell insufficient to establish his claim of conception of the invention of the issue.

The Examiners-in-Chief, on appeal, reversed this award in an elaborate decision wherein they showed that the invention was disclosed in the original drawings accompanying Russell's application. They also reviewed the testimony at great length and found that Russell was the original inventor.

The Commissioner, in turn, awarded priority to Russell. Upon an examination of all of the evidence in the record we are entirely satisfied with the soundness of his views respecting its credibility and weight, and consequently of the justice of his award.

Starting with the undoubted fact of Russell's qualifications as an expert in the matter of pulverizing devices, and his inventions and operations in that line before meeting with Navarro, his claim of invention of the combination of pulverizer, blower, and motor operated by a common shaft has the corroboration of the witnesses Montanye, Bixon, and White. The first of these has a direct interest in the success of Russell, but his testimony bears the appearance of fairness. Bixon is related to Russell, but he is an intelligent, capable person, and we have been strongly impressed with the credibility of his entire evidence. White is a perfectly disinterested witness, and, as the manufacturer of the first motor experimented with after the relation between Navarro and Russell had been established, he had excellent opportunities to determine the relations of the two in respect of these experiments. As far as his knowledge went, he corroborated the claim of Russell that the latter furnished the ideas and Navarro the necessary money. Asencio, who, as we have seen, was not an expert, does not pretend to have disclosed his conception to any other person than Navarro. He said that he left everything in the hands of Navarro.

His claim of invention depends upon the evidence of Navarro, whose relations with him and general interest in the controversy

have been mentioned    Travis, the remaining witness, had no actual knowledge of the transactions between Navarro and Russell when they undertook the first experiment with the White motor in 1897, and had not heard of Asencio as the inventor until the application of the latter had been filed.    Narvarro admits that he did not tell Russell that Asencio had given him the idea, which he testified was clearly in his mind, before he entered into relations with Russell.    As the Commissioner has well said: "If Navarro had the idea clearly in mind, it is strange that he could not have had the device made before consulting Russell.    Russell was not a manufacturer of such devices, but was a practical expert.    It is significant that, as soon as he consulted Russell, he and Russell went to White to have the device made, and wasted no time. Navarro claims to have had the invention more than a year before, and was able financially to have the device made.    Russell also claims to have had it, but was unable to have the device made until assisted by Navarro's money."

He also refers to the significance of Navarro's conduct in reference to Russell's original application.    He acquiesced in, if he did not cause, its preparation and presentation, and paid the expenses incurred.    He knew the subject-matter of the application, and had one-half interest in it assigned to Asencio to hold for his benefit.    Russell executed this assignment at Navarro's request, having no knowledge that Asencio claimed to be an inventor.    Navarro was aware of the amendment to the application introducing the claim similar to the one here in issue.    He made no protest against this direct claim, and still refrained from telling Russell that Asencio was the real inventor.    One reason for not telling Russell, as stated in his testimony, is: "I was in doubt whether I was not the inventor, if there was any invention in it."

Moreover, Navarro gave no satisfactory explanation why he failed to pay the final fee on this application.    He admitted the receipt of letters from the solicitor who had prosecuted the application, dated October 21, 1898, March 1, 1899, and April 1, 1899, notifying him of the allowance; to these no reply seems

to have been made.    In answer to a previous question he said that when he looked at the allowed claims he was not pleased because they were "so measly and poor."

It is unnecessary to discuss the case at greater length.

The decision in favor of Russell is correct, and will be affirmed.    It is so ordered, and further that this decision be certified to the Commissioner of Patents as the law directs.

*Affirmed.*